08-4995-cr
USA v. McDowall

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand ten,

PRESENT:
> Robert A. Katzmann,
> Barrington D. Parker,
> Gerard E. Lynch,
> > *Circuit Judges.*

———————————————————————————————

United States of America,

> *Appellee,*

> -v.-                                              **No. 08-4995-cr**
>                                                   **Summary Order**

Andre Moore, Aleksander Lipkin, Marina Dubin, Kerri Clarke, Michael Irving,

> *Defendants,*

*Maurice McDowall,*
> *Defendant-Appellant.*

———————————————————————————————

FOR DEFENDANT-APPELLANT:      Jeremy Gutman, New York, NY

FOR APPELLEE:                    Richard C. Daddario, Katherine Polk Failla, Assistant United States Attorneys, *for* Lev. L. Dassin, Acting United States Attorney for the Southern District of New York, Attorney for the United States of America, New York, NY

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Maurice McDowall appeals from a judgment of conviction in the United States District Court for the Southern District of New York (Patterson, *J.*).  McDowall was convicted of conspiracy to commit bank and wire fraud in violation of 18 U.S.C. § 1349 and sentenced principally to 120 months incarceration.  McDowall argues, on appeal, that his sentence is procedurally and substantively unreasonable.  We assume the parties' familiarity with the underlying facts and procedural history of this case.

First, McDowall argues that his sentence is procedurally unreasonable because Judge Patterson did not give him notice of his intention to impose a sentence above the applicable Guidelines range.  The record below shows that Judge Patterson imposed McDowall's sentence in *variance* from the Guidelines range upon consideration of the Guidelines and § 3553(a)'s sentencing factors. "Departure" for notice purposes is a "term of art" that "refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines."  *Irizarry v. United States*, 128 S. Ct. 2198, 2202 (2008).  Under *Irizarry,* a sentencing court is not required to notify a defendant of its intent to impose a

sentence that varies from the Guidelines. *Id.* Consequently, the district court was not required to give McDowall notice that his sentence would vary from the Guidelines range. *Id*. That Judge Patterson stated he was "departing[ing] upward from the guideline sentence" is not conclusive because, colloquially, "departure" and "variance" are often used "interchangeably." *United States v. Keller*, 539 F.3d 97, 99 n.2 (2d Cir. 2008).

Next, McDowall argues that his sentence was procedurally defective because the court addressed only one statutory factor– deterrence. However, a sentencing judge is not required to articulate that he has considered all of the § 3553(a) factors as long as "the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance." *United States v. Fleming*, 397 F.3d 95, 100(2d Cir. 2005). The record, including Judge Patterson's reference to deterrence, shows Judge Patterson understood his obligation to consider the Guidelines and § 3553(a)'s sentencing factors. Indeed, while the judge relied on the importance of deterrence as the reason for imposing a stringent sentence, he specifically cited all of the factors as having been considered. Nothing in the record indicates Judge Patterson misunderstood the factors or misperceived any of the evidence or factors that led to his sentencing decision.

3

Finally, McDowall alleges that his sentence is substantively unreasonable because(1) Judge Patterson provided no reason for imposing an above-Guideline sentence and (2) Judge Patterson did not base McDowall's sentence on proper consideration of the statutory sentencing factors. As discussed above, these contentions are without merit.

We have reviewed McDowall's other contentions and conclude that they are without merit.

The judgment of the district court is AFFIRMED.

For the Court:
Catherine O'Hagan Wolfe, Clerk

By: _____

4